UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| WILLIAM POSTON, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 3:22-cv-89 |
| v. ) | |
| ) | Judge Atchley |
| CAMPBELL COUNTY JAIL, ) | |
| LT. MALLORY CAMPBELL, ) | Magistrate Judge McCook |
| SERGEANT C-4 F/N/U MALICOTE, ) | |
| MEDICAL STAFF, and ) | |
| ALL STAFF OF CAMPBELL CO. JAIL, ) | |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM & ORDER

Plaintiff, a prisoner proceeding pro se, has filed a complaint alleging violations of 42 U.S.C. § 1983 [Docs. 1 and 8], along with a motion to proceed *in forma pauperis* in this action [Doc. 9]. For the reasons set forth below, Plaintiff's motion [Doc. 9] will be granted, Plaintiff's claim for the denial of constitutionally adequate medical care and/or conditions of confinement will proceed against Defendant Sergeant Malicote, and the remaining Defendants will be dismissed.

### I. MOTION TO PROCEED *IN FORMA PAUPERIS*

According to the documentation filed along with the motion to proceed *in forma pauperis*, Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, Plaintiff's motion to proceed *in forma pauperis* [Doc. 9] will be **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902 as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month

period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Attorney General for the State of Tennessee. The Clerk is also **DIRECTED** to furnish a copy of this Order to the Court's financial deputy. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. SCREENING OF COMPLAINT

### A. Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient

2

Case 3:22-cv-00089-CEA-JEM   Document 10   Filed 04/06/22   Page 2 of 6   PageID #: 40

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

Formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

B.  **Allegations of Complaint**

At all times relevant to this action, Plaintiff was a pretrial detainee housed in the Campbell County Jail [*See, generally,* Doc. 1]. In mid-December 2021, Plaintiff underwent surgery for one or more broken bones and was returned to the Campbell County Jail, where Sergeant Malicote left Plaintiff in the booking area for more than eight hours without a mat, a blanket, or any medical attention [*Id*. at 4, 14]. Plaintiff maintains that Defendants denied him care ordered by his physicians, including physical therapy, an arm sling, or any sort of treatment for pain [*Id*. at 14]. Plaintiff contends that his collar bone had to be reset due to the conditions he faced at the Campbell County Jail, and that gauze was left on his hand so long that Plaintiff's skin grew over it and caused an infection [*Id*.].

3

Plaintiff states that Lieutenant Mallory Campbell, who is in charge of the Campbell County Jail, "was aware of all of this and did nothing" to help Plaintiff despite his grievances and requests to her [*Id*. at 14]. Plaintiff maintains that Defendants Malicote and Campbell, along with the Campbell County Jail, and a nurse on the medical staff, and all correctional officer staff, bear liability in this action [*Id*. at 1-3]. He asks the Court to award him monetary damages, require Defendants to pay his medical bills, and transfer him to a State-run facility where he can receive medical attention [*Id*. at 5].

C. **Analysis**

Plaintiff has named the Campbell County Jail as a Defendant in this action. However, a jail is not a "person" subject to suit under § 1983, and therefore, the Campbell County Jail must be **DISMISSED** as a Defendant. *See Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983").

Campbell County, the entity operating the Campbell County Jail, is amenable to suit under § 1983 but bears liability only where its policies and/or customs caused the alleged violations of Plaintiff's constitutional rights. *See, e.g., Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of [its] official policies or established customs"). Because Plaintiff has brought this action against a nurse on the Campbell County Jail's medical staff in his/her official capacity and against all correctional officer staff in their official capacities [Doc. 1 p. 3], he is essentially asking the Court to attribute these allegedly wrongful actions to Campbell County. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other

4

than name, to be treated as a suit against the entity"); *see also Monell*, 436 U.S. at 690 n.55 ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent."). However, Plaintiff has not alleged that he has been denied medical care or subjected to unconstitutional conditions of confinement pursuant to any identified policies or established customs of the municipality, and therefore, he cannot maintain suit against Campbell County itself. Thus, Defendants Medical Staff Nurse and Correctional Officer Staff, sued solely in their official capacities, must be **DISMISSED**.

Next, the only factual allegation raised against Defendant Mallory Campbell is that she "was aware of all this and did nothing" despite Plaintiff's requests and/or grievances to her. However, inmates have no constitutional right to a grievance procedure. *LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)). Further, Defendant Campbell cannot be held liable for failing to provide Plaintiff with a remedy through the grievance procedure, as "[t]he 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight,* 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Accordingly, Defendant Campbell will be **DISMISSED**.

The Court finds, however, that Plaintiff has stated a plausible claim that, as a pretrial detainee, he has been subjected to unconstitutional conditions of confinement and/or denied medical care by Defendant Sgt. Malicote despite a serious risk and/or need for care, and those claims against this Defendant will be permitted to **PROCEED**.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 9] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

5

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined, to the Attorney General for the State of Tennessee, and to the Court's financial deputy;

5. The Court finds that Plaintiff has stated a plausible conditions-of-confinement and denial-of-medical-care claims against Defendant Sergeant Malicote;

6. The Clerk is **DIRECTED** to send a Plaintiff service packet (a blank summons and USM 285 form) for Defendant Malicote;

7. Plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within twenty-one (21) days of entry of this Order;

8. At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service, *see* Fed. R. Civ. P. 4;

9. Plaintiff is **NOTIFIED** that if he fails to timely return the completed service packet, this action will be dismissed;

10. Defendant shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If Defendant fails to timely respond to the complaint, it may result in entry of judgment by default against that Defendant;

11. As no claims have survived against them, all remaining Defendants are hereby **DISMISSED**; and

12. Plaintiff is **ORDERED** to immediately inform the Court and Defendants their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

/s/ *Charles E. Atchley Jr.*
**CHARLES E. ATCHLEY JR.**
**UNITED STATES DISTRICT JUDGE**