UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| WILLIAM POSTON, | ) | | |
|---|---|---|---|
| Plaintiff, | ) | | |
| v. | ) | No.: | 3:22-CV-89-JEM |
| SERGEANT C-4 F/N/U MALICOTE, | ) | | |
| Defendant. | ) | | |

## MEMORANDUM OPINION

Defendant Mikala Malicoat (identified by Plaintiff as "Sergeant C-4 f/n/u Malicote" and hereinafter by the Court as "Defendant") has filed a motion for summary judgment in this pro se prisoner's civil rights action under 42 U.S.C. § 1983 [Doc. 35]. Plaintiff has failed to file a response to the motion, and the deadline to do so has passed. E.D. Tenn. L.R. 7.1. As such, the Court finds Plaintiff has waived any opposition to the relief sought. E.D. Tenn. L.R. 7.2. Upon consideration of the parties' pleadings, the competent summary judgment evidence, and the applicable law, the Court will **GRANT** summary judgment in favor of Defendant and **DISMISS** this action.

I.  **RELEVANT BACKGROUND**

At all times relevant to this action, Plaintiff was detained in the Campbell County Jail [*See generally* Doc. 1]. In mid-December 2021, Plaintiff underwent surgery for one or more broken bones and returned to the Campbell County Jail, where Defendant allegedly left Plaintiff in the booking area for more than eight hours without a mat, a blanket, or any medical attention [*Id*. at 4, 14; *see also* Doc. 8]. Plaintiff maintains that he did not receive care that his physicians ordered, including physical therapy, an arm sling, or any sort of treatment for pain [Doc. 1 p. 14]. Plaintiff further contends that a doctor had to reset his collar bone due to the

conditions he faced at the Campbell County Jail, and that gauze remained on his hand so long that Plaintiff's skin grew over it and caused an infection [*Id.*]. He asks the Court to award him monetary damages, require Defendant[1] to pay his medical bills, and transfer him to a state-run facility where he can receive medical attention [*Id*. at 5].

## II.   SUMMARY JUDGMENT STANDARD

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing that no genuine issues of material fact exist. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339 (6th Cir. 1993). All facts and all inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002) (citation omitted).

"Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations." *Curtis v. Universal Match Corp.*, 778 F. Supp. 1421, 1423 (E.D. Tenn. 1991). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id*.

The Court's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper question for the finder of

---

[1] Plaintiff named other Defendants in his Complaint, but the Court dismissed them after screening in accordance with the Prison Litigation Reform Act [Doc. 10 pp. 5–6]. *See* 28 U.S.C. §§ 1915A and 1915(e).

2

fact. *Id*. at 250. The Court does not weigh the evidence or determine the truth of the matter. *Id.* at 249. Nor does the Court search the record "to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir. 1989). Thus, "the inquiry performed is the threshold inquiry of determining whether there is a need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

### III.     COMPETENT SUMMARY JUDGMENT EVIDENCE

Campbell County Sheriff's Department employed Defendant from March 2020 until May 2022 [Doc. 35-1 ¶ 2]. Defendant "had very little contact" with Plaintiff and was not personally involved in his medical care or treatment [*Id.* ¶ 3]. She swears she did not deny Plaintiff medical care, did not force him to lie on concrete in the booking area, did not remove his mat for any length of time, and did not witness any other officer engage in wrongdoing toward Plaintiff [*Id.* ¶¶ 2–3]. She avers that, after Plaintiff returned to the detention facility following his surgery, "he was constantly observed and evaluated, and if intervention was needed by medical professionals, it was timely accomplished" [*Id.* ¶ 2].

### IV.     ANALYSIS

To demonstrate that Defendant bears liability under § 1983, Plaintiff must establish that she acted under color of State law, and that her actions violated the rights secured by the Constitution and/or laws of the United States. *See, e.g.*, *Baker v. McCollan*, 443 U.S. 137, 140 (1979). Plaintiff must also make a clear showing that Defendant was personally involved in the activity that forms the basis of the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, the plaintiff . . . must plead that each Government-official defendant, through [the official's] own individual actions, has

violated the Constitution." (citation omitted)).

The parties disagree whether Plaintiff should be treated as a pretrial detainee or a convicted prisoner for purposes of his lawsuit—Plaintiff says he was a pretrial detainee and Defendant asserts he was a convicted prisoner [*Compare* Doc. 1 p. 4 *with* Doc. 36 p. 1]. There is no evidence in the record to determine when Plaintiff was found guilty of any criminal offenses and therefore converted from a pretrial detainee to a convicted prisoner. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (explaining that an individual's status as a pretrial detainee converts to that of a convicted prisoner upon "an adjudication of guilt in accordance with due process of law"). Information from the Tennessee Department of Correction's website indicates that Plaintiff began receiving sentence credit on December 24, 2021, and his criminal sentences were imposed on May 8, 2023. *See* Tenn. Dep't of Corr., *Felony Offender Information*, https://foil.app.tn.gov/foil/search.jsp (search by name) (last visited July 16, 2023).[2] Given that Plaintiff's Complaint concerns alleged constitutional violations beginning in mid-December 2021 [Doc. 1 p. 5], the Court assumes without deciding that Plaintiff was a pretrial detainee during the times relevant to this lawsuit.[3]

Treating Plaintiff as a pretrial detainee, Plaintiff's constitutional protections originate from the Due Process Clause of the Fourteenth Amendment. *Richmond v. Huq*, 885 F.3d 928, 937 (6th

---

[2] The Court may take judicial notice of information provided by a public authority. *See* Fed. R. Evid. 902(5) (providing that "official publications" are self-authenticating); *Oak Ridge Env't Peace All. v. Perry*, 412 F. Supp. 3d 786, 810 n.6 (E.D. Tenn. 2019) ("Information taken from government websites is self-authenticating under Fed. R. Evid. 902, and courts may accordingly take judicial notice of the information found on these websites." (citations omitted)); *see also* Fed. R. Evid. 201 (explaining that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

[3] Ultimately, the legal distinction between a pretrial detainee and a convicted prisoner is immaterial in this case [*See infra* p. 6 n.4].

Cir. 2018). This provision protects detainees from being "punished prior to an adjudication of guilt." *Bell*, 441 U.S. at 535. A pretrial detainee's claims under the Fourteenth Amendment contain both subjective and objective elements. *Spencer v. Bouchard*, 449 F.3d 721, 728 (6th Cir. 2006) (internal citations and quotation marks omitted), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To satisfy the objective element, a pretrial detainee must allege a "sufficiently serious" deprivation of medical need. *Spencer*, 449 F.3d at 728; *Helphenstine v. Lewis Cnty.*, 60 F.4th 305, 317 (6th Cir. 2023) (citation omitted). A medical need is sufficiently serious if a doctor has diagnosed it as requiring treatment or is "so obvious that even a lay person would easily recognize" the need for medical attention. *Greene v. Crawford Cnty.*, 22 F.4th 593, 607 (6th Cir. 2022) (citation omitted). Also, as to the conditions of a detainee's confinement, it is well-established that "the Constitution does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Thus, only allegations of "extreme deprivations" that deny a prisoner "the minimal civilized measure of life's necessities" support a cognizable conditions-of-confinement claim. *Hudson v. McMillan*, 503 U.S. 1, 8–9 (1992) (citations omitted). As to the subjective element, a jail official is deliberately indifferent to a pretrial detainee's conditions of confinement or medical needs when she acts "deliberately" and "recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Brawner v. Scott Cnty.*, 14 F.4th 585, 596 (6th Cir. 2021) (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)); *see also Helphenstine*, 60 F.4th at 317.

Defendant has refuted Plaintiff's allegations against her in a sworn declaration [Doc. 35-1]. Specifically, Defendant maintains that she had very little interaction with Plaintiff, had no personal involvement or responsibility in the decision to provide or deny him medical care or

5

treatment, did not remove his mat or force him to lie on the concrete, and did not observe any other officer engage in any wrongdoing to Plaintiff [*Id*.]. Plaintiff failed to respond to Defendant's motion with any evidence to support his allegations that Defendant violated his constitutional rights. And the allegations of his Complaint will not suffice as evidence, as his Complaint was not made under oath before an authorized officer, nor was it signed under the penalty of perjury [Doc. 1]. Therefore, Plaintiff has not presented the Court with any proof of his claims, and as is well recognized, "only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment." *Smoot v. United Transp. Union*, 246 F.3d 633, 649 (6th Cir. 2001) (quoting *Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994)); see *also McConnell v. Ritz-Carlton Watertower*, 39 F. App'x 417, 420 (7th Cir. 2002) (finding that, in resolving motion for summary judgment, the court properly rejected statements that "were not notarized or subscribed under penalty of perjury").

Accordingly, Defendant has shown that there is no genuine issue of material fact that she did not act deliberately and recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.[4] *Brawner*, 14 F.4th at 596 (quotation marks omitted).

---

[4] Recently, for pretrial detainees, the Sixth Circuit "lower[ed] the subjective component from actual knowledge to recklessness." *Helphenstine*, 60 F.4th at 316. For convicted prisoners, they must establish "that a defendant 'kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Id.* at 315 (quoting *Farmer*, 511 U.S. at 837). Where it is unclear whether a plaintiff was a pretrial detainee or a convicted prisoner, courts have applied both the Eighth and Fourteenth Amendment standards. *Thomas v. Southern Health Partners, Inc.*, No. 2:21-cv-012, 2023 WL 3935047, at *6 (E.D. Ky. June 9, 2023). Because there is no genuine issue of material fact that Defendant did not act deliberately and reckless in the face of an unjustifiably high risk of harm that was either known or so obvious that it should have been known, there is no genuine issue of material fact that Defendant did not know of and disregard an excessive risk to inmate health or safety under the Eighth Amendment standard. *See id.* at *9 (explaining that because the plaintiff could not establish that the defendant acted recklessly in the face of an unjustifiably high risk of harm that was or should

6

Case 3:22-cv-00089-JEM   Document 38   Filed 07/17/23   Page 6 of 7   PageID #: 133

Defendant is therefore entitled to summary judgment as a matter of law.[5] *See, e.g.*, *Turner v. Beene*, No. 1:11-CV-12, 2013 WL 5806615, at *2 (E.D. Tenn. Oct. 29, 2013) (noting the plaintiff may not rest on pleadings at summary judgment stage but must produce "specific facts showing that there is a genuine issue for trial").

V.      **CONCLUSION**

For the foregoing reasons, the Court will **GRANT** Defendant's motion for summary judgment [**Doc. 35**] and **DISMISS** this action. Further, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith, and that Plaintiff should be **DENIED** leave to proceed in forma pauperis on any subsequent appeal.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

**ENTER**:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge

---

have been known to her under the Fourteenth Amendment test, the plaintiff could not meet the Eighth Amendment test either).

[5]     Defendant also asserts in the alternative the defense of qualified immunity, which protects governmental employees from individual, civil liability as long as their conduct does not violate clearly established "constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). For this analysis, there are "two steps that can be undertaken in any order: (1) whether the public official's conduct violated a constitutional right, and (2) whether that right was clearly established at the time of the events." *Stewart v. City of Euclid*, 970 F.3d 667, 672 (6th Cir. 2020) (citing *Godawa v. Byrd*, 798 F.3d 457, 462–63 (6th Cir. 2015)). Because the Court has found that there exists no genuine issue of material fact that no constitutional violation occurred in this case, the Court need not proceed to determine whether the constitutional right at issue was clearly established at the time of the events. *See Thomas*, 2023 WL 3935047, at *15. Nevertheless, Plaintiff has submitted no evidence that Defendant violated clearly established statutory or constitutional law which a reasonable person would have known.